IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30767
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN BOE,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 95-CA-1017
- - - - - - - - - -
May 26, 1997

Before DAVIS, EMILIA M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

John Boe appeals the district court's order denying his postconviction motion under 28 U.S.C. § 2255. Boe contends that the district court should not have denied his motion without holding an evidentiary hearing and that his attorney was ineffective in failing to file a notice of appeal. A district court may dispose of a defendant's § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

relief."  United States v. Drummond, 910 F.2d 284, 285 (5th Cir. 1990) (internal quotations omitted).  Boe filed his own affidavit in support of his motion in which he stated that he had asked his attorney whether he could appeal his sentence, that his attorney had stated that he had "never heard of such a process."  The Government attached to its answer the affidavit of Boe's trial counsel, in which counsel stated that he advised Boe of his appellate rights and that Boe had not instructed him to file an appeal.  In rejecting this issue, the district court credited the attorney's affidavit and determined that the motion could be resolved without an evidentiary hearing.  The district court erred.

Contested issues of fact may not be decided on the basis of affidavits alone unless the affidavits are supported by other evidence in the record.  United States v. Hughes, 635 F.2d 449, 451 (5th Cir. 1981); Owens v. United States, 551 F.2d 1053, 1054 (5th Cir. 1977).  "This Court's policy has been strongly in favor of the position that a waiver will not be assumed unless the facts clearly support such an assumption."  See Chapman v. United States, 469 F.2d 634, 637 (5th Cir. 1972).  Neither the plea agreement, the sentencing transcript, nor the transcript of the rearraignment, mention Boe's right to appeal his sentence.  The record does not corroborate counsel's affidavit and the district court should have held a hearing.  Accordingly, this portion of the district court's order is VACATED and the case is REMANDED

for further proceedings consistent with this opinion.

Boe has failed to demonstrate that his attorney rendered ineffective assistance in connection with the entry of the guilty plea and at sentencing.  Boe has also failed to raise a cognizable issue with respect to the district court's application of the sentencing guidelines.  See United States v. Faubion, 19 F.3d 226, 233 n.36 (5th Cir. 1994).  Those portions of the district court's order are AFFIRMED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.